## EUGENE MUFFATT v. EDWARD A. GOTT.

*Statute of frauds—Sale of lands by auctioneer—Ratification.*

1. Auctioneers, employed to sell real estate upon specific terms fixed by the owner, have no right, after a sale at auction pursuant to such terms, to make a contract with a different person than the purchaser, and upon different terms, for a sale of the property, nor will said contract be ratified by the owner by his tendering a deed upon the basis of a performance of the terms of sale as authorized by him, and he becomes liable for a payment made to said auctioneers on said contract, which he had refused to accept.

2. A sale of land made by auctioneers without written authority from the owner is void under the statute of frauds.

Error to Wayne. (Reilly, J.) Argued April 4, 1889. Decided April 24, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellant, contended:

1. Purchase money paid under verbal contracts for the sale of land, void under the statute of frauds, can be recovered; citing *Kelly v. Kelly,* 54 Mich. 48; *Nims v. Sherman,* 43 Id. 51; and even were the money paid as a forfeit, it could be recovered back; citing *Scott v. Bush,* 29 Mich. 523; and plaintiff was therefore entitled, under the common counts, to a judgment, the money having been received for the use and benefit of the defendant, and its receipt acknowledged by him; citing *Davis v. Strobridge,* 44 Mich. 157.

2. Where money is paid to one as agent, to which another, as principal, has color of right, the right of the principal cannot be tried in an action brought by the party paying the money against the agent, but such action should be brought against the principal; citing 1 Pars. Cont. 79, and cases cited; Sug. Vend. & P. subd. 29, § 3, chap. 1; *Teaffe v. Simmons,* 11 Allen, 342; *Robinson v. Trofitter,* Id. 339; and this Court has also decided that the agent cannot be sued; citing *Bailey v. Cornell,* 66 Mich. 107.

3. The lack of written authority to the agent would relieve the defendant from the obligation of carrying out the contract, but would not release him from his liability to refund the money paid the agent.

4. Where there is a complete execution of authority, and something *ex abundanti* is added which is improper, then the execution is good and the excess is void; citing Story, Ag. § 166.

5. The ratification was sufficient to take the case out of the statute of frauds, and that an oral ratification is sufficient for that purpose has been often decided; citing *Worrall v. Munn,* 5 N. Y. 229; *Hammond v. Hannin,* 21 Mich. 374; *Maclean v. Dunn,* 4 Bing. 722; *Holland v. Hoyt,* 14 Mich. 243; *Hunter v. Parker,* 7 Mees. & W. 322; and ratification will be presumed from silence and failure to annul contract; citing 1 Pars. Cont. 52; *Heyn v. O'Hagen,* 60 Mich. 157; and a ratification in part will be construed to be a ratification of the entire contract; citing 1 Pars. Cont. 60; and the question of the sufficiency of the evidence of such ratification is for the jury; citing *Heffron v. Armsby,* 61 Mich. 506.

*William H. Wells,* for defendant, contended:

1. The auctioneers were special agents, and had no authority to depart from the terms of sale, and the acts of Mr. Fick, beyond his express authority, destroyed the agency; citing Story, Ag. § 172; *Mining Co. v. Johnston,* 23 Mich. 36; *Railroad Co. v. Chappell,* 56 Id. 190; *Rice v. Peninsular Club,* 52 Id. 90.

2. The purchaser at the sale and the plaintiff were presumed to know that Mr. Fick had no authority to make any conditions other than those announced at the sale; citing Story, Ag. § 108; and plaintiff dealt with him as the agent of the defendant at his peril, and was bound to take notice of the limitations of his authority; citing *Rice v. Peninsular Club,* 52 Mich. 90.

3. There was no subsequent ratification. Ratification by silence must be such as to cause injury to the person giving credit to and relying upon such assumed agency; citing *Heyn v. O'Hagen,* 60 Mich. 151; *Palmer v. Williams,* 24 Id. 329.

4. There was no acceptance of Mr. Fick as an agent to make a new contract; citing *Bailey v. Cornell,* 66 Mich. 107.

LONG, J. This is an action to recover damages alleged to have been sustained by the plaintiffs through the non-fulfillment by defendant of an alleged contract for the sale to plaintiff of a lot in the city of Detroit.

The declaration alleges that the defendant contracted in writing to sell the lot to plaintiff for the sum of $1,775, if 100 feet deep, and, if not 100 feet deep, for a sum to be proportionate to the said sum of $1,775; to convey the same to plaintiff by warranty deed, and to furnish the plaintiff with a Burton abstract of title; and that there was paid the defendant the sum of $50 as part of the purchase price. The plaintiff claims the right to recover the $50 so paid, together with expenses incurred and profits lost. The principal controversy, however, is as to the right of the plaintiff to recover the $50 claimed to have been paid to the agent of defendant.

The facts as they appear upon the record are that the defendant employed Brownell & Co., auctioneers, to sell

the lot at auction. The firm consisted of Brownell and Fick. The auctioneers published an advertisement as follows:

"Auction sale of real estate, on Saturday, March 17, at five o'clock in the afternoon.

"We will sell at public auction the double frame dwelling, Nos. 566 and 568 Seventh street, corner of Charles street, with lot forty by one hundred feet. This property now pays ten per cent. on valuation, with low rents, which can be raised. Must be sold to close out an estate.

"BROWNELL & Co., Auctioneers."

At the sale there were present Brownell, Fick, the defendant, Gott, and a Mr. Richards. The plaintiff was not present. The land was sold at auction, and no terms of sale stated at the time of the sale different from those set forth in the notice. The property was struck off for the sum of $1,775, to Mr. Richards. After the sale, Brownell, Fick, and Richards went to the plaintiff's store, on the next corner. Mr. Gott was not present there. At that interview Mr. Fick received from the plaintiff, Muffatt, $50, and gave him the following receipt:

"DETROIT, MICH., March 17, 1888.
"Received of E. Muffatt fifty dollars, to apply on north-east corner of Seventh and Charles street, city of Detroit, Mich. Lot forty by one hundred feet. Price, $1,775. If not one hundred feet deep, price to be proportionately. Terms cash. Warranty deed or money refunded. Lot 52, O. L. 21. EDWARD A. GOTT.
"Per L. J. Fick."

It appears that Mr. Gott did not authorize Mr. Fick to make it a condition of the sale that if the property was not 100 feet deep the price should be proportionate. Mr. Fick took the $50 from plaintiff, paid therefrom the expenses of the sale, and offered the balance to Mr. Gott, who refused to take it. The day after the payment of the money, Mr. Fick telephoned Mr. Gott what had been

done. On the next day Mr. Gott went to the plaintiff personally, with a deed prepared and executed to plaintiff, and tendered the same to him, demanding payment of the $1,775, less the $50 paid to Mr. Fick. It appeared the lot was but 90 feet deep, and the plaintiff refused to pay this price, but tendered the proportionate price, $1,597.50, less the $50 paid, and demanded his deed. Defendant refused to deliver the deed, and also declined to repay the $50 paid by plaintiff upon the purchase price. At the close of the plaintiff's testimony the court directed a verdict for the defendant. Plaintiff brings error. In ruling upon the case, after the close of the plaintiff's testimony, the court said:

"Every one is supposed to know the law, and Mr. Muffatt is presumed to know that Mr. Fick had no right to insert any clause in the receipt for that money, aside from the conditions announced at the sale. I am inclined to think, under the showing, that he is not entitled to recover."

It was claimed in the court below, and is claimed here, that the authority given by the defendant to his agents, Brownell & Fick, was specific, and was contained in the printed advertisement for the sale of the lots, and that this was declared before the lot was struck off to Richards, and that the auctioneer, Fick, had no authority, after the sale had been made to Richards, to make a contract with a different person, and upon different terms. This was the view taken by the trial court, and we think very properly. It is not claimed that the defendant ratified this new contract, except in that he made a deed of the premises to the plaintiff, describing the property as 90 feet in depth, and tendered the same to the plaintiff, who refused to accept it. At the time of the tender of this deed, the defendant demanded from the plaintiff the full sum of $1,775, less the $50 paid to

Fick; that is, the defendant offered to give the plaintiff a deed, describing the property as 90 feet deep, for the sum of $1,775, and deduct the $50 paid by plaintiff to Fick. This the plaintiff refused. It is claimed by the plaintiff that this was a recognition of Fick's agency, and that his action now estops him from referring the plaintiff to Fick for redress. This might have amounted to a ratification if the terms of the sale, as authorized by the defendant, had been followed by Fick; but it conclusively appears that the defendant never authorized Brownell or Fick to make a sale of the premises for $1,775, conditioned that, if the lot was not 100 feet deep, the price should be proportionate, and when advised by Fick of the terms upon which the plaintiff, instead of Richards, proposed to take the deed, and the form of the receipt given plaintiff by Fick, the defendant refused to take the $50 paid down, and said: "That's all right. They can't do anything about it."

The fact that the defendant afterwards made and tendered the deed to plaintiff (the land being described therein as only 90 feet deep), and demanded the full price, but offering to deduct the $50 paid by plaintiff to Fick, did not amount to a ratification of the contract made by Fick. The defendant never had the $50 paid, and refused to accept it and affirm the contract. The plaintiff was not the purchaser at the sale, and was not known by the defendant, or by Brownell or Fick, in the transaction. The property was struck off to Mr. Charles Richards, and with the knowledge of the defendant, who was present at the sale and knew Richards as the purchaser. Mr. Fick went over to plaintiff and made an arrangement with him that he was to take the property on the bid made by Richards. The plaintiff paid the $50. Mr. Fick gave the receipt, stating different terms of sale than those authorized by the defendant or stated in the

printed advertisement, and, upon advising the defendant of this arrangement, he refused to accept the $50, or carry out the terms of sale stated in the receipt.

The defendant would not be bound by the terms of this sale, even if it were not void under the statute of frauds. Fick was never authorized to make such a sale. Under such circumstances no damages could be recovered by the plaintiff. Neither is the defendant liable for the $50 paid to Fick under these circumstances. Fick was never authorized by defendant to receive it on such terms, and the defendant refused to receive it from him. The acts of the defendant did not amount to a ratification of the contract made by Fick.

It appears affirmatively that neither Brownell nor Fick had any written authority from the defendant to make the sale. The sale to plaintiff, therefore, under the statute, was absolutely void, and, even if made within the terms of the printed advertisement, the plaintiff could not have enforced its performance by the defendant. The acts of the defendant, in making and tendering the deed, were not a ratification of the act of Fick in taking the $50, and the sale made by him. It was a repudiation of the contract, and an offer on his part to make one on different terms, which plaintiff refused.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.